AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

|  |  |  |
|---|---|---|
| _____ *Plaintiff* | ) ) ) ) ) ) | Civil Action No. |
| v. | | |
| _____ *Defendant* | | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: _____

*(Name of person to whom this subpoena is directed)*

❐ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
|  |  |

❐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ *Signature of Clerk or Deputy Clerk* | | _____ *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Exhibit 1

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

iFinex Inc.,                          )
                                      )
                   Applicant,         )
v.                                    )
                                      )    Case No.:
Enterprise Bank & Trust,              )
                                      )
                   Respondent.        )

**FIRST SET OF REQUESTS FOR PRODUCTION
DIRECTED TO ENTERPRISE BANK & TRUST**

**DEFINITIONS**

The following definitions are to be used with respect to these documents:

1.      The "ACCOUNTS" shall mean and refer to each of the following accounts held at Enterprise Bank & Trust:

   a)  Account Number 1127177,

   b)  Account Number 1127548,

   c)  Account Number 1127599,

   d)  Account Number 1128700,

   e)  Account Number 1241367,

   f)  Account Number 1127652,

   g)  Account Number 1127193,

   h)  Account Number 1128727, and

   i)  Account Number 1235784.

2.      "ALL" shall mean each, any and all.

Exhibit A

3.      "BANK RECORDS" shall mean and refer to account statements, signature cards, account applications, wire transfers (in or out), and any other DOCUMENT evidencing deposits, withdrawals, balances and/or other account activity.

4.      "COMMUNICATION(S)" shall mean any dissemination of information by transmission or a statement from one person to another or in the presence of another, whether by writing, orally or by action or conduct, including but not limited to, written notes, electronic communications with attachments, verbal conversations and visual notations.

5.      "DOCUMENT" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rules of Civil Procedure 34(a), and shall mean any and all information in tangible or other form, whether printed, typed, recorded, computerized, filmed, reproduced by any process or written or produced by hand, and whether an original, draft, master, duplicate or copy, or notated version thereof, that is in your possession, custody or control. A draft or non-identical copy is a separate document within the meaning of this term.

6.      "DOCUMENT" as used in this Subpoena shall also include, but not be limited to, electronic files, other data generated by and/or stored on or through any of your computer systems and storage media (e.g., internal or external hard drives, CD-ROM's, floppy disks, backup tapes, thumb drives, internet-based posting boards or any other data storage media or mechanisms) or any other electronic data. This includes, but is not limited to: email and other electronic communications (e.g., postings to internet forums, ICQ or any other instant messenger messages, and/or text messages); voicemails; word processing documents; spreadsheets; databases; calendars; telephone logs; contact manager information; Internet usage files; offline storage or information stored on removable media; information contained on laptops or other portable devices; and network access information. Further, this includes data in any format for storing electronic data.

7.      "CRYPTO CAPITAL" shall mean and refer to Crypto Capital, and its subsidiaries, officers, directors, employees, agents, managers, members, attorneys, accountants, investigators, representatives and anyone else acting on its behalf.

8.      "CRYPTO CAPITAL CORP" shall mean and refer to Crypto Capital Corp, and its subsidiaries, officers, directors, employees, agents, managers, members, attorneys, accountants, investigators, representatives and anyone else acting on its behalf.

9.      "ELIGIBILITY" shall mean and refer to Eligibility Criterion (also known as Eligibility Criterion Unip LDA), and its subsidiaries, officers, directors, employees, agents, managers, members, attorneys, accountants, investigators, representatives and anyone else acting on its behalf.

10.      "FLETCHER" shall mean and refer to Diana Fletcher, and her employees, agents, attorneys, accountants, investigators, representatives and anyone else acting on his behalf.

11.     "FOWLER" shall mean and refer to Reginald Dennis Fowler, and his employees, agents, attorneys, accountants, investigators, representatives and anyone else acting on his behalf.

12.     "T. FOWLER" shall mean and refer to Trent Dennis Fowler, and his employees, agents, attorneys, accountants, investigators, representatives and anyone else acting on his behalf.

13.     "GTS SWITZERLAND" shall mean and refer to Global Trade Solutions AG, and its subsidiaries, officers, directors, employees, agents, managers, members, attorneys, accountants, investigators, representatives and anyone else acting on its behalf.

14.     "GTS US" shall mean Global Trading Solutions LLC, and its subsidiaries, officers, directors, employees, agents, managers, members, attorneys, accountants, investigators, representatives and anyone else acting on its behalf.

15.     "GTS UK" shall mean and refer to G.T.S. Resources Limited, and its subsidiaries, officers, directors, employees, agents, managers, members, attorneys, accountants, investigators, representatives and anyone else acting on its behalf.

16.     "IDENTIFY," with respect to banking account information, means to provide (a) the vesting/full name on the account, (b) account number, (c) names of authorized signers on the account, (d) address of bank branch where each account was opened, and (e) date each account was opened.

17.     "IFINEX" shall mean and refer to iFinex Inc. and its subsidiaries, officers, directors, employees, agents, managers, members, attorneys, accountants, investigators, representatives and anyone else acting on its behalf. For the purposes of this definition, it shall also include and otherwise cover the commonly referred to trade name Bitfinex and its corresponding website address at bitfinex.com.

18.     "IWANAGA" shall mean and refer to Katsuyoshi Iwanaga, and his employees, agents, attorneys, accountants, investigators, representatives and anyone else acting on his behalf.

19.     "MOLINA" shall mean and refer to Ivan Manuel Molina Lee, and his employees, agents, attorneys, accountants, investigators, representatives and anyone else acting on his behalf.

20.     "MONROE" shall mean and refer to Rondell "Rhon" Clyde Monroe, and his employees, agents, attorneys, accountants, investigators, representatives and anyone else acting on his behalf.

21.     "NLE" shall mean and refer to NLE Consulting Group, and its subsidiaries, officers, directors, employees, agents, managers, members, attorneys, accountants, investigators, representatives and anyone else acting on its behalf.

22.     "O. YOSEF" shall mean and refer to Ozzie Yosef a/k/a Ozzie Joseph, and his employees, agents, attorneys, accountants, investigators, representatives and anyone else acting on his behalf.

23.     "R. YOSEF" shall mean and refer to Ravid Yosef, and her employees, agents, attorneys, accountants, investigators, representatives and anyone else acting on his behalf.

24.     "SPIRAL" shall mean and refer to Spiral Global Development Limited, and its subsidiaries, officers, directors, employees, agents, managers, members, attorneys, accountants, investigators, representatives and anyone else acting on its behalf.

25.     "STAFFORD" shall mean and refer to David Anthony Stafford, and his employees, agents, attorneys, accountants, investigators, representatives and anyone else acting on his behalf.

26.     "TCA BANK" shall mean and refer to TCA Investment Bancorp & Trust Company and its subsidiaries, officers, directors, employees, agents, managers, members, attorneys, accountants, investigators, representatives and anyone else acting on its behalf.

27.     "YOU" shall mean and refer to Enterprise Bank & Trust, and your subsidiaries, officers, directors, employees, agents, managers, members, attorneys, accountants, investigators, representatives and anyone else acting on your behalf.

28.     The singular shall include the plural, and the plural shall include the singular. The conjunctive "and" shall include the disjunctive "or" and the disjunctive "or" shall include the conjunctive "and."

29.     Each Document produced shall be produced as it is kept in the usual course of business (i.e., in the file folder or binder in which such Documents were located when the request was served) or shall be organized and labeled to correspond to the categories of Documents requested.

30.     You are instructed to produce any and all Documents which are in your possession, custody or control. Possession, custody or control includes constructive possession whereby you have a right to compel the production of a matter from a third party (including an agency, authority or representative).

31.     To the extent the location of any Document called for by this Exhibit is unknown to you, so state. If any estimate can reasonably be made as to the location of an unknown Document, describe the Document with sufficient particularity so that it can be identified, set forth your best estimate of the Document's location, and describe the basis upon which the estimate is made.

32.     If any Document request is deemed to call for disclosure of proprietary data, counsel for movant is prepared to receive such data pursuant to an appropriate confidentiality order.

33.     To the extent the production of any Document is objected to on the basis of privilege, provide the following information about each such document: (1) describe the nature of the privilege claimed (e.g., attorney-client, work product, etc.); (2) state the factual and legal basis for the claim of such privilege (e.g., communication between attorney for corporation and outside counsel relating to acquisition of legal services); (3) identify each person who was present when the document was prepared and who has seen the Document; and (4) identify every other Document which refers to or describes the contents of such Document.

34.     If any document has been lost or destroyed, the Document so lost or destroyed shall be identified by author, date, subject matter, date of loss or destruction, identity of person responsible for loss or destruction and, if destroyed, the reason for such destruction.

35.     The relevant period of time for purposes of this Subpoena is from November 1, 2016, through the present, unless otherwise specified below.

## DOCUMENT REQUESTS

1.     ALL BANK RECORDS for the ACCOUNTS.

2.     ALL COMMUNICATIONS concerning, referring to or relating to the ACCOUNTS.

3.     ALL BANK RECORDS for any account for which FOWLER is a signer and/or authorized individual.

4.     ALL BANK RECORDS for any account held in the name of CRYPTO CAPITAL, CRYPTO CAPITAL CORP, ELIGIBILITY, FOWLER, T. FOWLER, GTS SWITZERLAND, GTS UK, GTS US, MOLINA, NLE, O. YOSEF, R. YOSEF, SPIRAL, and/or TCA BANK.

5.     ALL COMMUNICATIONS concerning, referring to or relating to any account held in the name of CRYPTO CAPITAL, CRYPTO CAPITAL CORP, ELIGIBILITY, FOWLER, T. FOWLER, GTS SWITZERLAND, GTS UK, GTS US, MOLINA, NLE, O. YOSEF, R. YOSEF, SPIRAL, and/or TCA BANK.

6.     ALL COMMUNICATIONS between or among YOU and/or CRYPTO CAPITAL, CRYPTO CAPITAL CORP, ELIGIBILITY, FOWLER, T. FOWLER, GTS SWITZERLAND, GTS UK, GTS US, MOLINA, NLE, O. YOSEF, R. YOSEF, SPIRAL, and/or TCA BANK.

7.     ALL COMMUNICATIONS between or among YOU and/or FLETCHER, IWANAGA, MONROE, and/or STAFFORD concerning, referring to or relating to CRYPTO CAPITAL, CRYPTO CAPITAL CORP, ELIGIBILITY, FOWLER, T. FOWLER, GTS SWITZERLAND, GTS UK, GTS US, MOLINA, NLE, O. YOSEF, R. YOSEF, SPIRAL, and/or TCA BANK.

8.      ALL COMMUNICATIONS in YOUR possession, custody, or control that were sent to or received from any banking institution concerning the transfer of funds to or from CRYPTO CAPITAL, CRYPTO CAPITAL CORP, ELIGIBILITY, FOWLER, T. FOWLER, GTS SWITZERLAND, GTS UK, GTS US, MOLINA, NLE, O. YOSEF, R. YOSEF, SPIRAL, and/or TCA BANK.

9.      ALL DOCUMENTS concerning, referring to, or relating to the transfer of funds to or from CRYPTO CAPITAL, CRYPTO CAPITAL CORP, ELIGIBILITY, FOWLER, T. FOWLER, GTS SWITZERLAND, GTS UK, GTS US, MOLINA, NLE, O. YOSEF, R. YOSEF, SPIRAL, and/or TCA BANK.

10.      DOCUMENTS sufficient to IDENTIFY ALL banking accounts owned, controlled, or relating to CRYPTO CAPITAL, CRYPTO CAPITAL CORP, ELIGIBILITY, FOWLER, T. FOWLER, GTS SWITZERLAND, GTS UK, GTS US, MOLINA, NLE, O. YOSEF, R. YOSEF, SPIRAL, and/or TCA BANK.

11.      ALL COMMUNICATIONS in YOUR possession, custody, or control concerning, referring to, or relating to IFINEX or Bitfinex.

12.      ALL DOCUMENTS constituting any agreements, contracts, arrangements, understandings or confirmations with CRYPTO CAPITAL, CRYPTO CAPITAL CORP, ELIGIBILITY, FOWLER, T. FOWLER, GTS SWITZERLAND, GTS UK, GTS US, MOLINA, NLE, O. YOSEF, R. YOSEF SPIRAL, and/or TCA BANK.

13.      ALL DOCUMENTS reflecting any transfer of funds – whether by wire transfer or otherwise – to or from CRYPTO CAPITAL, CRYPTO CAPITAL CORP, ELIGIBILITY, FOWLER, T. FOWLER, GTS SWITZERLAND, GTS UK, GTS US, MOLINA, NLE, O. YOSEF, R. YOSEF, SPIRAL, and/or TCA BANK.

14.      ALL COMMUNICATIONS in YOUR possession, custody, or control, with any bank, financial institution, or other company or individual concerning or relating to CRYPTO CAPITAL, CRYPTO CAPITAL CORP, ELIGIBILITY, FOWLER, T. FOWLER, GTS SWITZERLAND, GTS UK, GTS US, MOLINA, NLE, O. YOSEF, R. YOSEF, SPIRAL, and/or TCA BANK.

15.      ALL DOCUMENTS constituting any agreements, contracts, arrangements, understandings or confirmations with any bank, financial institution, or other company or individual concerning or relating to CRYPTO CAPITAL, CRYPTO CAPITAL CORP, ELIGIBILITY, FOWLER, T. FOWLER, GTS SWITZERLAND, GTS UK, GTS US, MOLINA, NLE, O. YOSEF, R. YOSEF, SPIRAL, and/or TCA BANK.

Dated: June 25, 2020          */s/ Christopher R. LaRose*
                                  Christopher R. LaRose (#59612MO)
Abigail L. Twenter (#69397MO)
**ARMSTRONG TEASDALE LLP**
7700 Forsyth Blvd.
Suite 1800
St. Louis, MO 63105
Telephone: (314) 621-5070
Facsimile: (314) 621-5065
Emails: clarose@atllp.com
        atwenter@atllp.com

Michael Jason Lee, Esq. (CA State Bar No. 206110)
**LAW OFFICES OF MICHAEL JASON LEE, APLC**
4660 La Jolla Village Drive, Suite 100
San Diego, California 92122
Telephone: (858) 550-9984
Facsimile: (858) 550-9985
Email: michael@mjllaw.com

Christopher J. Beal, Esq. (CA State Bar No. 216579)
**DILLON MILLER & AHUJA, LLP**
5872 Owens Avenue, Suite 200
Carlsbad, California 92008
Telephone: (858) 587-1800
Facsimile: (858) 587-2587
Email: cbeal@dmalaw.com

*Attorneys for Applicant, iFinex Inc.*